UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Cory J. Gingery | ) | CASE NO. 23-61290 |
| | ) | |
| Debtor(s) | ) | JUDGE MARY ANN WHIPPLE |
| | ) | |
| | ) | **MOTION OF AMERICREDIT FINANCIAL SERVICES INC DBA GM FINANCIAL FOR RELIEF FROM STAY AND ABANDONMENT** |
| | ) | |
| | ) | PROPERTY: |
| | ) | ** 2015 Cadillac SRX VIN# 3GYFNEE39FS586141 |
| | ) | |

AMERICREDIT FINANCIAL SERVICES INC DBA GM FINANCIAL (the "Movant") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, and under Federal Rule of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362 and for abandonment of property Under Bankruptcy Code § 554.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. On June 14, 2021, the Debtor(s) Cory J. Gingery obtained a loan from Bill Harris Auto Center in the amount of $20,692.60. Such loan was evidenced by a promissory note and Security Agreement dated June 14, 2021 (the "Note"), a copy of which is attached as Exhibit A.

3. To secure payment of the Note and performance of the other terms contained in it, the Debtor(s) Cory J. Gingery executed a Security Agreement in favor of Bill Harris Auto Center

dated June 14, 2021 (the "Security Agreement"). The Security Agreement granted a lien on the personal property, 2015 Cadillac SRX VIN# 3GYFNEE39FS586141 (the "Collateral"), owned by the Debtor(s), Cory J. Gingery. The Collateral is more fully described in the Security Agreement (check one):

☐ attached as Exhibit B;

OR

☒ contained in the Note, attached as Exhibit A

4. The lien created by the Security Agreement was duly perfected by:

☐ Filing of the Security Agreement in the office of the _ County Recorder on:

☐ Filing of the UCC-1 Financing Statement in the office of ___ on (DATE).

☒ Notation of the lien on the Certificate of Title.

☐ Other (state with particularity)_____.

A copy of the recorded Security Agreement, UCC-1 Financing Statement, Certificate of Title or other document, as applicable, is attached as Exhibit B. Based on the Certificate of Title, the lien is the 1st lien on the Collateral.

5. The entity in possession of the original Note as of the date of this motion is AMERICREDIT FINANCIAL SERVICES INC DBA GM FINANCIAL.

6. The entity servicing the loan is: N/A.

7. The Note was transferred as evidenced by the following:

a. If the Collateral is real estate:

i. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender (check only one):

☐ N/A.

OR

☐ By endorsement on the Note payable to _____.

OR

☐ By blank endorsement on the Note.

OR

☐ By allonge attached on the Note payable to ___.

OR

☐ By blank allonge, attached to Note.

OR

☐ The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation): _____.

OR

☐ By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit. Explain why it provides Movant the authority to endorse the Note:

  ii. Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the __ to ____.

  iii. A court has already determined that Movant has the ability to enforce the Note with a judgment dated _____ in the ___. A copy of the judgment is attached at Exhibit _.

  iv. Other_____ [explain].

 b. If the Collateral is not real estate (check one):

  ☐ N/A.

  OR

  ☒ **As is set forth in Exhibit A, the Note and Security Agreement were assigned from Bill Harris Auto Center to AMERICREDIT FINANCIAL SERVICES INC DBA GM FINANCIAL**.

8. The Security Agreement was transferred as follows (check one):

 ☐ N/A.

☒ **As is set forth in Exhibit A, the Note and Security Agreement were assigned from Bill Harris Auto Center to AMERICREDIT FINANCIAL SERVICES INC DBA GM FINANCIAL**.

9. The value of the Collateral is $11,225.00. This valuation is based on N.A.D.A.

10. As of the date of this motion, there is currently due and owing on the Note the outstanding principal balance of $11,805.70, plus interest accruing thereon at the rate of 8.70% per annum from July 14, 2024, as described in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 does not include a credit for the sum held in a suspense account by the Movant. The amount of the credit is N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

☒ N/A.

☐ The (COUNTY) Treasurer, for real estate taxes, in the amount of $(AMOUNT)

☐ (CO-OWNERS, IF APPLCABLE)

☐ (ANY OTHER PARTY HOLDING A LIEN, IF APPLICABLE, IN THE AMOUNT OF $_____ (ADD ADDITIONAL PARTIES AS APPROPRIATE))

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code § 362(d) for these reason(s) (check all that apply):

☒ Debtor(s) has failed to provide adequate protection for the lien held by the Movant for these reasons: The Debtor(s) has failed to tender periodic payments to Movant.

☐ Debtor(s) has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor(s) has failed to keep current the real estate taxes owed on the Collateral.

|   |   |
|---|---|
| ☒ | Debtor(s) has failed to make periodic payments to Movant for the months of July 2024 through August 2024, which unpaid payments are in the aggregate amount of $690.93 through August 28, 2024. The total provided in this paragraph cannot be relied upon as a post-petition reinstatement quotation. |
| ☒ | Debtor(s) has no equity in the Collateral, because the Collateral is valued at $11,225.00 N.A.D.A., and including the Movant's lien, there are liens in an aggregate amount of $11,805.70 on the Collateral. |
| ☐ | Other cause (set forth with specificity): |

14. Movant has completed the worksheet, attached as Exhibit C.

15. Movant is entitled to an order directing the trustee to abandon the Collateral under 11 U.S.C. §554(b) for these reasons (check all that apply):

|   |   |
|---|---|
| ☐ | The Collateral is burdensome to the estate because: |
| ☒ | The Collateral is of inconsequential value and benefit to the estate because upon liquidation of the Collateral no proceeds will remain for the benefit of the estate. |

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable non-bankruptcy law.

(b) Authorizing and Directing the Chapter 7 Trustee to Abandon the Collateral under Bankruptcy Code § 554.

Respectfully submitted,

/s/ Cynthia A. Jeffrey
Lindsey Hall (#0075152)
Cynthia A. Jeffrey (#0062718)
Daniel C. Wolters (#0076521)
Keith D. Weiner & Associates Co., L.P.A.
1100 Superior Ave East, Suite 1100
Cleveland, Ohio 44114
Phone: (216) 771-6500
Fax: (216) 771-6540
bankruptcy@weinerlaw.com

CERTIFICATE OF SERVICE

I certify that on August 28, 2024, a true and correct copy of the Motion for Relief from Stay was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

1. Office of the U.S. Trustee at (registered address)@usdoj.gov

2. Josiah L. Mason on behalf of the Chapter 7 Trustee's office at jlmasontrustee@zoominternet.net

3. Jonathon Carl Elgin on behalf of Cory J. Gingery, Debtor(s), at jc@jcelgin.com

And by regular U.S. mail, postage prepaid, to:

Cory J. Gingery
1738 Hale Road
Mansfield, OH 44905

/s/ Cynthia A. Jeffrey
Lindsey Hall (#0075152)
Cynthia A. Jeffrey (#0062718)
Daniel C. Wolters (#0076521)
Keith D. Weiner & Associates Co., L.P.A.
1100 Superior Ave East, Suite 1100
Cleveland, Ohio 44114
Phone: (216) 771-6500
Fax: (216) 771-6540
bankruptcy@weinerlaw.com